## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **JUDY SMITH,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **CASE NO.: CV-13-621** |
| | * | |
| | * | |
| **NAS, LLC,** | * | |
| | * | |
| **Defendant.** | * | |

### COMPLAINT

**COMES NOW** Plaintiff, Judy Smith, (hereafter "Plaintiff") by counsel, and for her Complaint against the Defendant, alleges as follows:

### PRELIMINARY STATEMENT

1.      This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), in connection with Defendant's attempts to collect a debt from Plaintiff. This action also includes state law claims arising from the same set of fact and as to which this Court has supplemental jurisdiction.

### JURISDICTION

2.      This action includes claims which arise under the statutes of the United States and this Court's jurisdiction is conferred by 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1367.

### PARTIES

3.      The Plaintiff is a natural person and resident of the Mobile County, Alabama. She is a "consumer" as defined by 15 U.S.C. § 1692a(3).

4.      Defendant NAS, LLC ("NAS"), is a corporation formed under the laws of the State of California and has its principal place of business in California. NAS is a "debt collector" as defined by the 15 U.S.C. § 1692a(6).

## FACTS

5.      In June 2011, Plaintiff obtained a $2,500 payday loan from "Check 'n Go" in Mobile. After making the required payments, "Check 'n Go" claimed she was delinquent and referred the account to Defendant NAS, a third party debt collector.

6.      The loan was taken for personal and/or household purposes and constitutes a "debt" as defined in 15 U.S.C. 1692(5).

7.      In May 2013, Plaintiff received an unsolicited e-mail from NAS. The e-mail was directed to Plaintiff's workplace e-mail address. This was first communication to Plaintiff.

8.      In its e-mail, NAS claimed that money remained owed on the "Check 'n Go" debt and NAS demanded immediate payment of $3,496.31.

9.      Plaintiff's work e-mail is accessible to third parties, including her supervisors.

10.     The amount stated in the e-mail is false and is not owed by Plaintiff.

11.     Shortly after she received the e-mail, Plaintiff called NAS at the number provided. During that phone call, an NAS collector told Plaintiff that unless she made an immediate payment, legal papers would be served on her by the Sheriff at either her place of employment or at home. After Plaintiff explained that she did not owe the amount claimed and could not pay it, the collector put her on hold. When he came back, he announced that NAS was authorized to accept a payment of $1,800.00 in full settlement of the alleged debt. Believing that failing to pay would result in a lawsuit and a Sheriff coming

2

to her workplace or home to serve legal papers, Plaintiff agreed to make that payment. She processed the payment from her debit card and the funds were immediately extracted from her checking account. Plaintiff assumed the matter was over.

12.     About two weeks after mailing the $1,800 settlement payment, Plaintiff received a phone call from another collector who claimed she owed in excess of $3,000 on the "Check 'n Go" loan and demanded immediate phone payment. When Plaintiff demanded that the collector identify himself and his company, he refused and hung up.

13.     In October 2013, Plaintiff began receiving calls from a third collector: Check Security Associates ("CSA"). This company also demanded the full payment of the alleged "Check 'n Go" (in excess of $3,500.00). CSA collectors told Plaintiff that failure to make immediate payment would result in additional charges and an outstanding balance of over $5,000.00. One CSA collector told her that her failure to pay was a "criminal" matter. The CSA collector stated that there was no record of the $1,800.00 settlement, or even that a payment of $1,800 had been made. CSA insisted that she owed the entire amount and that if she wanted her $1,800.00 back she would have to contact either NAS or her bank. This collector identified himself as "Brian" and provided an e-mail address: brian@checksecurityassociates.com.

## COUNT ONE
### (Fair Debt Collections Practices Act Violations)

14.     Plaintiff realleges and incorporates each of the preceding paragraphs as if fully set out herein.

15.     This is a claim asserted against Defendant NAS for multiple violations of the federal Fair

3

Debt Collections Practices Act, 15 U.S.C. § 1692 (the "FDCPA").

16.     Defendant NAS is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

The alleged debt which NAS attempted to collect from Plaintiff is a "debt" as defined by the FDCPA, 15

U.S.C. § 1692a(5).

17.     Defendant has violated the FDCPA in connection with its attempts to collect on an alleged

consumer debt. Defendant's violations include, but are not limited to, the following:

A.     Attempting to collect a debt by use of threats of future actions which Defendant could not
take or had no intention of taking in violation of 15 U.S.C. § 1692e(5);

B.     Attempting to collect amounts which are not authorized by any contract or permitted by
law. This is a violation of 15 U.S.C. § 1692f(1);

C.     Communicating with third parties regarding a debt allegedly owed by Plaintiff. This is a
violation of 15 U.S.C. § 1692c(b);

D.     Taking action to collect a debt, including referring the account to another debt collector,
after accepting payment which was represented to Plaintiff to be full payment in settlement
of the debt. This is a violation of several aspects of the FDCPA including, but not limited
to, 15 U.S.C. §§ 1692e (use of false, deceptive or misleading means to collect
debt);1692c(b)(communication with third parties); and 1692f(1)(collection of amounts not
owed);

E.     Falsely representing to Plaintiff that her payment of $1,800 would satisfy the alleged debt
in full and that no further action would be taken. This is a violation of 15 U.S.C. §
1692e(10);

F.     Engaging in communication with Plaintiff, the natural consequence of which is to harass,
oppress, or abuse Plaintiff in connection with the collection of a debt. This is a violation
of 15 U.S.C. § 1692d;

G.     The use of false representation and/or deceptive means to collect or attempt to collect a
debt in violation of 15 U.S.C. § 1692e(10);

H.     Engaging in communication with Plaintiff, the natural consequence of which is to harass,
oppress, or abuse Plaintiff in connection with the collection of a debt. This is a violation

4

of 15 U.S.C. § 1692d.

18.     All of the actions taken by NAS in violation of the FDCPA occurred within one year prior to the filing of this action.

19.     As a proximate result of NAS's FDCPA violations, Plaintiff has suffered actual damages, including mental and emotional pain, distress and anguish, humiliation and embarrassment.

20.     As a result of its FDCPA violations, Defendant is liable to Plaintiff for compensatory damages, statutory damages, costs and attorneys fee, and for declaratory judgment that Defendant's conduct violated the FDCPA.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant NAS for the following:

A.      Actual damages, including damages for mental and emotional pain, distress and anguish, humiliation and embarrassment, as well as damages to her credit and reputation;

B.      Statutory damages pursuant to 15 U.S.C. § 1692k;

C.      Declaratory judgment that NAS's conduct violated the FDCPA;

D.      Costs and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k;

E.      Such other and further relief as this Court deems just and proper, the premises considered.

**COUNT TWO**
**(Negligence)**

21.     Plaintiff realleges and incorporates all of the preceding paragraphs as if fully set out herein.

22.     The actions taken by the Defendant in attempting to collect the alleged debt against Plaintiff constitute negligence. Plaintiff suffered damage as a proximate result of Defendant's negligence.

**WHEREFORE**, Plaintiff requests that this Court enter a judgment against Defendant for

5

negligence and award Plaintiff compensatory damages, including damages for mental anguish and emotional distress; plus interest and costs. Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

## COUNT THREE
### (Wantonness)

23.    Plaintiff realleges and incorporates all of the preceding paragraphs as if fully set out herein.

24.    The actions taken by the Defendant in attempting to collect the alleged debt against Plaintiff constitute wantonness. Those actions were made with a wanton, reckless or conscious disregard for Plaintiff's rights and well-being. Plaintiff suffered damage as a proximate result of Defendant's wantonness.

**WHEREFORE**, Plaintiff requests that this Court enter a judgment against Defendant for wantonness and award Plaintiff compensatory damages, including damages for mental anguish and emotional distress; and punitive damages, plus interest and costs. Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

## COUNT FOUR
### (Invasion of Privacy)

25.    Plaintiff realleges and incorporates all of the preceding paragraphs as if fully set out herein.

26.    The actions taken by Defendant in contacted Plaintiff at work and making false and unsubstantiated threats to serve Plaintiff with legal process at her house or work constitute a wrongful invasion of Plaintiff's privacy. Defendant's actions caused wrongful intrusion which has disrupted and harmed Plaintiff in such a manner as to cause outrage, mental suffering, shame and humiliation to any person with ordinary sensibilities.

**WHEREFORE**, Plaintiff requests that this Court enter a judgment against Defendant for invasion

6

of privacy and award Plaintiff compensatory damages, including damages for mental anguish and emotional distress; and punitive damages, plus interest and costs. Plaintiff further requests such other relief as the Court deems just and proper, the premises considered

## COUNT FIVE
### (Defamation)

27.     Plaintiff realleges and incorporates all of the preceding paragraphs as if fully set out herein.

28.     Upon information and belief, Defendant referred the false debt to other debt collectors and in doing so falsely represented to those third parties that an outstanding unpaid balance was owed by Plaintiff on the "Check 'n Go" debt. These representations were false and made with the intent and knowledge that the debt collectors would then make attempts to collect a false debt against Plaintiff. These actions constitute defamation. Plaintiff suffered damage as a proximate result of Defendant's defamation.

**WHEREFORE**, Plaintiff requests that this Court enter a judgment against Defendant for defamation and award Plaintiff compensatory damages, including damages for mental anguish and emotional distress; and punitive damages, plus interest and costs. Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

**TRIAL BY JURY IS DEMANDED.**

KENNETH J. RIEMER (RIEMK8712)
Attorney for Plaintiff
Post Office Box 1206
Mobile, Alabama 36633
Telephone: (251) 432-9212
E-mail: kjr@alaconsumerlaw.com

7

**DEFENDANT TO BE SERVED VIA CERTIFIED MAIL AS FOLLOWS:**

NAS, LLC
700 North Brand Boulevard
Suite 200
Glendale, California 91203.